UNITED STATES v. EISNER & MENDELSOHN CO.

(Circuit Court of Appeals, Second Circuit. January 12, 1894.)

No. 57.

CUSTOMS DUTIES—CLASSIFICATION—MALT EXTRACT.

A fluid compound labeled, advertised, and sold in bottles as "malt extract" is dutiable as such, though it contains but 12 per cent. of malt extract, under paragraph 338 of the tariff act of 1890, and not as a proprietary medicine, under paragraph 75. 54 Fed. 671, reversed. Ferguson v. Arthur, 6 Sup. Ct. 861, 117 U. S. 482, distinguished.

This is an appeal from a decision of the circuit court for the southern district of New York, (54 Fed. 671,) reversing a decision of the board of general appraisers which affirmed the collector's classification for duty of certain fluid malt extract. The merchandise is Johann Hoff's Malt Extract, imported in bottles. Reversed.

During the year 1891 the Eisner & Mendelsohn Company imported from a foreign country into the United States at the port of New York certain merchandise, consisting of a fluid, in colored, molded glass bottles, holding each not more than one pint, and not less than one quarter of a pint, and labeled "Johann Hoff's Malt Extract." This merchandise was classified for duty at the rate of 40 cents per gallon, as "malt extract, fluid, in bottles," under the provision for such

malt extract contained in paragraph 338, Schedule H, of the tariff act of October 1, 1890, (26 Stat. 590,) and duty at the rate of 40 cents per gallon was exacted of the importer on the contents of the bottles by the collector of customs at that port; and on the bottles duty was also exacted by the collector of the importer at the rate of 1½ cents per pound, under the provisions of paragraph 103, Schedule B, of the same tariff act, (26 Stat. 571.) Against the aforesaid classification of this merchandise, and against the exaction on the contents of the bottles of a duty at the rate of 40 cents per gallon, and against the exaction of duty on the bottles at the rate of 1½ cents per pound, the importer protested, claiming that his merchandise was dutiable at the rate of 25 per centum ad valorem, in accordance with the rulings of the treasury department contained in section 2867, June 19, 1876, and section 4834, April 19, 1881, and the provision for "medicinal proprietary preparations" contained in paragraph 75, Schedule A, of the same tariff act, (26 Stat. 570.)

The board of United States general appraisers, to whom the collector, in pursuance of section 14 of the customs administrative act of June 10, 1890, (26 Stat. 137,) transmitted the importer's protests and all other things required by that section, affirmed the action of the collector. As to so much of the decision of the board of appraisers as affirmed the action of the collector as to the contents of the bottles, the importer, pursuant to section 15 of the said customs administrative act, applied to the circuit court of the United States for the southern district of New York for a review of the questions of law and fact involved therein. Upon the return made by the said board of appraisers, and upon evidence subsequently taken in the said circuit court, and establishing other facts below referred to, the said circuit court reversed the decision of the said board of appraisers, and held that the contents of the bottles were dutiable at the rate of 25 per centum ad valorem, as a medicinal proprietary preparation, as claimed by the importer in his protest. 54 Fed. 671. From the judgment of the said circuit court the United States appeals to the United States circuit court of appeals for the second circuit.

Edward Mitchell, U. S. Atty., and Thomas Greenwood, Asst. U. S. Atty.

Charles A. Ray, for Eisner & Mendelsohn Co. appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The tariff act of October 1, 1890, contains the following:

Paragraph 75: "All medicinal preparations, including medicinal proprietary preparations, of which alcohol is not a component part, and not specially provided for in this act, 25 ¢ ad valorem."

Paragraph 338: "Malt extract, fluid, in casks, twenty cents per gallon; in bottles, or jugs, forty cents per gallon; solid or condensed, forty per centum ad valorem."

There are other provisions covering bottles, generally, imported full, which need not be considered, as the importer's protest did not

set forth the paragraph under which they now claim the bottles should be classed. The collector assessed duty under paragraph 338; the importer claims that the merchandise should be classified under paragraph 75.

Johann Hoff's Malt Extract is a compound of several ingredients, prepared according to a secret formula. It is a medicinal proprietary preparation. It contains a little alcohol, which, however, has not been added as a component, but is generated in the mixture itself. The malt extract in the compound bears to the other ingredients the proportion of 12 to 88; but it is advertised, labeled, and described by the makers and their agents as a malt extract, is imported as such, and has been at all times bought and sold as a malt extract in the trade and commerce of this country. Other proprietary preparations containing malt extract are similarly advertised, labeled, described, bought, and sold, each with the name of the particular proprietor prefixed to the words "malt extract." The trade nomenclature of these articles has an important bearing upon the interpretation to be given to the 338th paragraph above cited. "In fixing the classification of goods for the payment of duties, the name or designation of the goods is to be understood in its known commercial sense. * * * Their denomination in the market will control their classification, without regard to their scientific designation, the material of which they may be made, or the use to which they may be applied." Twine Co. v. Worthington, 141 U. S. 471, 12 Sup. Ct. 55. Besides the malt extracts which are thus prepared according to secret formula, there are others which are made according to the public and well-known formula of Baron Liebig, given in the United States and German pharmacopoeias. These vary in consistency from a dry powder to a semi-fluid, being imported and bought variously in barrels, bottles, jugs, by the pound or by the gallon. This is sometimes designated in the trade "Malt Extract," sometimes "Liebig's Malt Extract," and sometimes "Malt Extract," with the maker's name prefixed; as, "Loeflund's Malt Extract," "Lehn & Fink's Extract of Malt." (The terms "malt extract" and "extract of malt" are interchangeable in the trade.) Proprietary as well as nonproprietary malt extracts are made in this country,—Trommer's Extract of Malt at Fremont, Ohio, and others elsewhere.

Prior to 1890, none of these malt extracts were described eo nomine in the tariff acts. As far back as 1875, (Synopsis Treasury Decisions No. 2,388,) malt extract was classified for duty as "beer." In 1876, (Id. 2,867,) Johann Hoff's Malt Extract, imported in bottles, was held by the treasury department not to be covered by the ruling of 1875, but to be dutiable as a proprietary medicine. In 1881, (Id. 4,834,) the same article was classified as a proprietary medicine, even when imported in casks. In 1885, (Id. 6,917,) Loeflund's Malt Extract was similarly classified; and in August, 1890, (Id. 10,157;) another extract of malt, whose name does not appear, was classified as a food product, and held dutiable as a nonenumerated manufactured article. In view of the fact that there were known to trade so many different varieties of malt extract, bought and sold as

such, some with the maker's or proprietor's name, and some without, some dry, some condensed, some semi-fluid or semi-solid, (thicker than ordinary molasses, as one of the witnesses describes it,) and some fluid, and of the further facts that different rates of duty had been from time to time assessed upon it under treasury rulings, and that both proprietary and nonproprietary malt extracts are manufactured in this country, it seems reasonable to infer that when congress imposed a duty upon malt extract, if fluid and in casks, at 20 cents a gallon; if fluid and in bottles or jugs, at 40 cents a gallon; and, if solid or condensed, at 40 per cent ad valorem,—it intended to cover all the known kinds of malt extract in all the known conditions in which it is imported. Certainly the language used in the tariff act, construed according to the ordinary rules of interpretation, supports such conclusion. The duty laid on medicinal proprietary preparations is exclusive of such as are elsewhere in the act specially provided for; and, although Johann Hoff's Malt Extract be a medicinal proprietary preparation, it is specially provided for by the term "malt extract," since it is as a malt extract that it is described, labeled, advertised, bought, and sold.

In our opinion, this case is not controlled by the decision of the supreme court in Ferguson v. Arthur, 117 U. S. 482, 6 Sup. Ct. 861. In that case the general provision as to calcined magnesia was, as the court held, by its terms applicable only to the single kind of magnesia that was sold in bulk by the pound, whereas the provisions of paragraph 338 of the act now under consideration are manifestly enlarged so as to cover malt extract in all conditions of consistency, and whether in bulk or in such smaller packages as are frequently characteristic of proprietary preparations. Moreover, in the Ferguson Case the paragraph touching proprietary preparations did not, in terms, exclude such preparations as were elsewhere specifically provided for.

The decision of the circuit court is reversed, and the classification of the board of general appraisers affirmed.