BISTER et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.    January 12, 1894.)

No. 37.

CUSTOMS DUTIES—CLASSIFICATION—GLORIA 'CLOTH.
    Gloria cloth is dutiable at 12 cents per square yard and 50 per cent. ad valorem, as "women's and children's dress goods," or "goods of similar description and character, composed wholly or in part of wool, worsted," etc., under paragraph 395 of the tariff act of 1890, and not at 50 per cent. ad valorem, as a "manufacture of silk, or of which silk is the component material of chief value," under paragraph 414. 54 Fed. 158, affirmed. Hartranft v. Meyer, 10 Sup. Ct. 751, 135 U. S. 237, distinguished.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Application by Bister & Schmitt for a review of a decision of the board of general appraisers affirming a decision of the collector of the port of New York as to the classification of certain gloria cloth imported by them.    The circuit court affirmed the board's decision.    54 Fed. 158.    The importers appeal.    Affirmed.

Chas. Curie, David I. Mackie, and W. Wickham Smith, for appellants.

Edward Mitchell and Jas. T. Van Rensselaer, for the United States.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge.    The only question we have occasion to decide upon this appeal is whether the gloria cloth imported by the appellants, which is a cloth similar in description and charac-

ter to women's and children's dress goods, and is composed of silk and worsted,—silk being the material of chief value,—was properly classified for duty under the provision of the tariff act of October 1, 1890, which subjects to duty, "women's and children's dress goods * * * and goods of similar description and character, composed wholly or in part of wool, worsted * * * and not specially provided for in this act," or whether the importations should have been classified under another provision of the same tariff act, which subjects to duty "all manufactures of silk, or of which silk is the component material of chief value, not specially provided for in this act."

We are of the opinion that the former is the provision of more specific description, and, if this view is correct, the decision of the board of general appraisers, and that of the circuit court in affirmance of their decision, were correct. We think when the two provisions are read together the latter is to be interpreted as imposing duty upon all manufactures of which silk is the component material of chief value, except those similar to women's or children's dress goods. It seems hardly debatable that if one provision of a tariff act should prescribe a duty on wearing apparel, and another on all manufactures of which silk is the material of chief value, the former would supply the proper classification for an article of wearing apparel made of silk. The descriptive phrase, "goods of similar description and character to women's and children's dress goods," is a yet narrower term of enumeration. It describes a material of which women's and children's wearing apparel is made. The case falls within the general rule that, where a tariff act imposes a duty on an article by a specific name or description, general terms in the act, though embracing it broadly, are not applicable to it. The general must give way to the particular. The case of Hartranft v. Meyer, 135 U. S. 237, 10 Sup. Ct. 751, upon which the appellants greatly rely, does not assist them, but is an illustration of the rule stated. The case there was whether certain cloth, composed partly of wool and partly of silk, in which silk was the component of chief value, should have been classified under a provision subjecting to duty all manufactures of wool made wholly or in part of wool not specially enumerated in the act, or under another provision in the same act subjecting to duty all goods not specially provided for in the act, "made of silk, of which silk is the component material of chief value." The court held that the descriptive language in the latter provision was narrower and more limited, and constituted, therefore, the special enumeration, rather than the other.

The decision of the circuit court is affirmed.