## MATHESON & CO., Limited, v. UNITED STATES.

### (Circuit Court of Appeals, Second Circuit. January 8, 1896.)

1. CUSTOMS DUTIES—CLASSIFICATION—PREPARATIONS OF COAL TAR—ACIDS.

The act of October 1, 1890, contains the following provisions: "All preparations of coal tar, not colors or dyes, not specially provided for in this act, 20 per cent. ad valorem." Paragraph 19. "Acids used for medicinal, chemical or manufacturing purposes, not specially provided for in this act." Paragraph 473, free list. *Held*, that in respect to the classification of sulphotoluic acid, which is both an acid and a preparation of coal tar, but not a color or dye, the presence, in both provisions, of the words "not specially provided for," neutralized their effect in each, so that each might be read as if these words were omitted, and that the article would then fall within the specific designation "acids," in the free list.

2. CONSTRUCTION OF TARIFF LAWS.

In cases of doubt in the construction of tariff laws, the courts resolve the doubt in favor of the importer. Hartranft v. Wiegmann, 7 Sup. Ct. 1240, 121 U. S. 609, and Twine Co. v. Worthington, 12 Sup. Ct. 55, 141 U. S. 468, followed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an appeal by Matheson & Co., Limited, from a decision of the board of general appraisers sustaining the action of the collector of the port of New York in respect to the classification of certain merchandise for duty. The circuit court affirmed the decision of the board, and the importer appealed.

Comstock & Brown, for appellant.

Wallace MacFarlane, U. S. Atty., and James T. Van Rensselaer, Asst. U. S. Atty.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. In June, 1892, the appellant imported certain merchandise into the port of New York, known as "sulphotoluic acid," which was classified and subjected to duty under the provision of the tariff act of October 1, 1890, which reads as follows:

"(19) All preparations of coal tar, not colors or dyes, not specially provided for in this act, twenty per centum ad valorem."

The importer protested, claiming the merchandise to be free of duty under the provision of the free list of that act which reads as follows:

"473. Acids used for medicinal, chemical or manufacturing purposes, not specially provided for in this act."

The board of general appraisers and the circuit court sustained the action of the collector.

According to the evidence in the record, sulphotoluic acid is a coal-tar preparation, but not a color or dye; and it is also an acid used for chemical and manufacturing purposes. Its chief use is for chemical combination with other ingredients in the manufacture of coal-tar colors or dyes. There are many preparations of

coal-tar that are not acids, as well as many that are; and of colors or dyes made from coal tar there are many which are acids, and many which are not.

Being both a coal-tar preparation and an acid used for manufacturing purposes, the article in question would fall within the enumeration of either provision in the absence of the other. But as one imposes duty, and the other exempts from duty, it is obvious that congress did not intend both provisions to apply to the same article. In each provision are found the words "not specially provided for"; and it is these words which create uncertainty, because, in consequence of their presence, neither enumeration is made necessarily exclusive of the other. If they were omitted from both provisions, there would be little doubt that "acids," being designated eo nomine, would be excluded from the general class described as "preparations of coal-tar." Homer v. Collector, 1 Wall. 486; Arthur v. Rheims, 96 U. S. 143; Robertson v. Glendenning, 132 U. S. 158, 10 Sup. Ct. 44. We think their presence in both provisions neutralizes their effect in each, and each may be read as though the words were omitted. Upon this construction the case would fall within the rule that, where an article is designated by a specific name in one provision of a tariff act, that provision, instead of another employing general terms, though sufficiently broad to comprehend it, will fix its character for the purposes of duty.

The case for the appellant would, of course, be still plainer if the words "not specially provided for" were absent in the acid clause, or if it should appear that they refer to particular acids otherwise provided for by the act. If the words were absent in the acid clause, neither provision would impinge upon the other, but they could be read together as subjecting to duty all preparations of coal-tar except the acids and other preparations elsewhere provided for, and as exempting from duty all acids used for medicinal, chemical, and manufacturing purposes. We think the words in the acid clause are intended to except from its operation certain other enumerated acids, and they can therefore be given full effect without impinging upon any other provision, and thus relieve the legislation of any imputation of repugnancy or inconsistency. Many acids are specifically subjected to duty by the act; among them are acetic acid, boracic acid, chromic acid, sulphuric acid, and others which it is not necessary to name. It is reasonable to suppose that congress, having already subjected these acids to duty, had them under contemplation when it proposed to provide for the free entry of acids, and, intending to purge the several provisions of repugnancy, used the words in question. We think the provision should be construed as intending to exempt from duty all acids used for medicinal, chemical, or manufacturing purposes except the ones which had already been specifically mentioned; and as to these, although they might be used for any of the specified purposes, they are otherwise provided for.

Unless these views are correct, the question is one of doubt; and, in cases of doubt in the construction of customs acts, the courts re-

solve the doubt in favor of the importer. Hartranft v. Wiegmann, 121 U. S. 609, 7 Sup. Ct. 1240; Twine Co. v. Worthington, 141 U. S. 468, 12 Sup. Ct. 55.

The judgment is accordingly reversed.