## BACHE v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 27, 1897.)

CUSTOMS DUTIES—CLASSIFICATION—WINDOW GLASS.

    Cylinder, crown, or common window glass, which has been either colored throughout when melted, or colored on the outside by flashing, is dutiable under paragraphs 112 and 118 of the tariff act of 1890, and not under paragraph 122, the former sections being probably more specific as applied to it, but, if not, the higher rate of duty being applicable under section 5. 77 Fed. 603, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an appeal from the decision of the circuit court affirming the decision of the board of general appraisers as to the classification of certain merchandise consisting of cylinder, crown, or common window glass, a part of which was colored throughout when melted, and the rest on the outside by flashing.

Charles Curie, David Ives Mackie, and W. Wickman Smith, for appellants.

Wallace Macfarlane and James T. Van Rensselaer, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The importations in controversy were stained window glass, and the question which we have to decide is whether the merchandise was subject to duty pursuant to paragraphs 112 and 118 of the tariff act of October 1, 1890, or was subject to duty pursuant to the provisions of paragraph 122 of the same tariff act. Paragraph 112 imposes duty upon "unpolished cylinder, crown, and common window glass" (of the dimensions of the importations in question) at 3⅛ cents per pound, and paragraph 118 subjects to a duty of 10 per cent. ad valorem, in addition to the rates otherwise chargeable thereon, "cylinder, crown or common window glass, when ground, * * * stained, colored, or otherwise ornamented or decorated." Paragraph 122 provides that upon all "stained or painted window glass" (not exceeding in size the importation in question) "not specially provided for in this act," the duty shall be 45 per cent. ad valorem. It is not clear that the importations were not dutiable under the provisions of the first two paragraphs mentioned, these being more specific than paragraph 122, because of the omission of the words contained in the latter paragraph, "not otherwise provided for." Matheson & Co. v. U. S., 18 C. C. A. 143, 71 Fed. 394; U. S. v. Eisner & Mendelsohn Co., 8 C. C. A. 148, 59 Fed. 352. If, however, these paragraphs are not more specific than the other, the case is one in which section 5 of the same tariff act comes into operation. That section provides: "If two or more rates of duty shall be applicable to any imported article it shall pay duty at the highest of such rates." The decision of the circuit court is affirmed.