UNITED STATES v. WARREN CHEMICAL & MANUFACTURING CO.

(Circuit Court of Appeals, Second Circuit. January 7, 1898.)

No. 50.

1. CUSTOMS DUTIES— CLASSIFICATION—COAL TAR PRODUCTS.
    In paragraph 443 of the act of 1894, the words "products of coal tar" are not within the excepting clause, but are part of the enumeration of articles entitled to free entry.

2. SAME—CLASSIFICATION—DEAD OIL.
    "Dead oil" (also called "tar oil," "creosote oil," and "coal tar creosote"), which is produced from coal tar by distillation, was free, under paragraph 443 of the act of 1894, as a product of coal tar, not a color or dye, and not otherwise specially provided for, and was not dutiable, under paragraph 60, as a "distilled oil."

This is an appeal by the United States from a decision of the circuit court, Southern district of New York, reversing a decision of the board of general appraisers, which affirmed the decision of the collector of customs at the port of New York in respect to the classification for duties of certain merchandise.

Jas. T. Van Rensselaer, for the United States.
Albert Comstock, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The article in question is a product produced from coal tar by a process of distillation, is known generally in commerce as "dead oil," and is sometimes called "tar oil" and "creosote oil" and "coal tar creosote." The collector classified the importation under paragraph 60 of the tariff act of 1894, which reads:

"60. Products or preparations known as alkalies, alkaloids, distilled oils, essential oils, expressed oils, rendered oils, and all combinations of the foregoing, and all chemical compounds and salts, not specially provided for in this act, twenty-five per centum ad valorem."

The importer protested, contending that the importation was entitled to free entry under paragraph 443, which reads:

"443. Coal tar, crude, and all preparations except medicinal coal tar preparations and products of coal tar, not colors or dyes, not specially provided for in this act."

The government contends that "products of coal tar" are, by the phraseology of this paragraph, excepted from its operation. We do not so read the act. On the contrary, free entry is accorded to "coal tar, crude"; "all coal tar preparations, except medicinal coal-tar preparations"; and "products of coal tar, not colors or dyes." There is no dispute, on the testimony, that the article in question is one of the five products of distillation of coal tar, and, unless it is shown to be specifically provided for elsewhere, is entitled to free entry, under paragraph 443. The only "special provision" relied upon by the appellant is paragraph 60, it being contended that the article is therein referred to as distilled oil. The testimony, however, abundantly sustains the proposition (which, indeed, was conceded on the argument) that this "dead oil" was not known, commercially, as a distilled oil; and the government chemist testified that in the terminology of his profession, and according to his understanding, "dead oil" would not be classed as a distilled oil. Since it is neither commercially nor scientifically known as a distilled oil, it does not come within the enumeration of paragraph 60. In view of the testimony, it will not be necessary to discuss the other questions raised on the argument, viz.: Whether the words "known as" should not be construed as meaning "known commercially as"; and whether paragraph 443, providing for all "products of coal tar," is not more specific than is paragraph 60, providing for "products or preparations known as * * * distilled oils," but without any such restriction as to use as was found in the paragraph for "acids," which was discussed by this court in Matheson & Co. v. U. S., 18 C. C. A. 143, 71 Fed. 394. The decision of the circuit court is affirmed.