WISE v. SOUTHERN PAC. CO.

(Circuit Court of Appeals, Ninth Circuit. May 9, 1898.)

No. 408.

CUSTOMS DUTIES—CLASSIFICATION—LIQUID CREOSOTE.

> The liquid creosote of commerce is not a "distilled oil," subject to duty, under Act Aug. 27, 1894, par. 60, but is a "product of coal tar" not specially provided for in said act, and entitled to free entry, under paragraph 443 thereof. 82 Fed. 311, affirmed.

Appeal from the Circuit Court of the United States for the Northern District of California.

Samuel Knight, Asst. U. S. Atty., for appellant.
Frederick B. Lake, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. The merchandise in question, consisting of 2,200 barrels of an article described in the invoices as "liquid creosote," was imported from London, England, into the United States, at the port of San Francisco, on the 19th day of March, 1895, by the Southern Pacific Company, and was thereupon entered at the custom-house for immediate consumption. Upon the return of the appraiser of the port, it was classified by the collector as "distilled oil," dutiable at the rate of 25 per cent. ad valorem, under paragraph 60 of the tariff act of August 27, 1894 (28 Stat. 509). The entries were liquidated in accordance with this classification, and the duty upon the merchandise, amounting to $1,472, was levied and collected by the appellant as collector. Thereupon the appellee appealed to the board of general appraisers, on the ground that the merchandise was not a distilled oil, but was entitled to free entry, under paragraph 443 of the act of August 27, 1894, as a product of coal tar, not specially provided for. The board sustained the decision of the collector, whereupon the importer applied to the court below for a review of the questions of law and fact involved in the decision of the board of general appraisers, under the customs administrative act of June 10, 1890. The court reversed the decision of the board, and held the merchandise to be a product of coal tar, not known as a distilled oil, and therefore governed exclusively by paragraph 443 of the act of 1894. 82 Fed. 311. From that decision the collector brings the present appeal.

Articles embraced by paragraph 443 of the act of August 27, 1894, are by the provisions of that act entitled to free entry. They are thus described: "Coal tar, crude, and all preparations and products of coal tar, not colors or dyes, not specially provided for in this act." The evidence clearly shows, and the court below so found, that the merchandise in question is a product of coal tar, obtained therefrom by fractional distillation. The first of the two points made by the counsel for the government is that products of coal tar are not entitled to free entry. Certainly, under the above-quoted paragraph, all

products of that article that are not colors or dyes, and that are not specially provided for in the act of 1894, are entitled to such entry; for such is the clear and express language of the paragraph. It is not claimed that the article in question is a color or dye, and the only "special" provision relied upon by the appellant is paragraph 60 of the same act, which reads as follows: "Products or preparations known as alkalies, alkaloids, distilled oils, essential oils, expressed oils, rendered oils, and all combinations of the foregoing, and all chemical compounds and salts, not specially provided for in this act, twenty-five per centum ad valorem." The contention on the part of the government is that the merchandise in question is a product or preparation known as "distilled oil." The court below found, as matter of fact, "that said merchandise was not, nor is it, a product or preparation commonly or commercially or chemically or otherwise known as a 'distilled oil,' but was and is a product of coal tar, not a color or dye, and not otherwise specially provided for in said act." It is earnestly contended by appellant's counsel that the evidence does not justify this finding, and that, since it was all given by deposition or other writing, this court has the same advantages for correctly weighing the evidence as the trial court had. A careful consideration of the evidence, however, does not satisfy us that the court below was in error in its finding of fact. The merchandise in question, being an oil, and being derived from coal tar by the process of fractional distillation, is undoubtedly, in one sense, a distilled oil. But the weight of the evidence is to the effect that it is known as "dead oil" and "creosote oil," both commercially and chemically. The same conclusion was reached in the recent case of U. S. v. Warren Chemical & Manufacturing Co., 28 C. C. A. 500, 84 Fed. 638, decided by the circuit court of appeals for the Second circuit. Other reasons might be given why we think the judgment of the court below correct, but we deem it unnecessary to pursue the subject further. The judgment of the circuit court is affirmed.