SCHOELLKOPF, HARTFORD & MACLAGAN, Limited, v. UNITED STATES.

(Circuit Court, S. D. New York. May 18, 1899.)

No. 2,493.

CUSTOMS DUTIES—CLASSIFICATION—CRUDE CARBOLIC ACID.

    The article known commercially and popularly as crude carbolic acid, and used for manufacturing purposes, which is the first product of the distillation of coal tar, and contains, in addition to carbolic acid, many combinations of basic oils and bitumens, although not chemically an acid, is entitled to free entry under paragraph 473 of the tariff act of 1890 as an "acid used for manufacturing purposes," and is not dutiable under paragraph 19 as a preparation of coal tar.

Appeal by the importers from a decision of the board of general appraisers, which sustained the action of the collector of customs in assessing duties upon the importations in question.

Albert Comstock, for importers.
J. T. Van Rensselaer, Asst. U. S. Atty.

TOWNSEND, District Judge. The article in question is a crude product obtained from the distillation of coal tar, and was assessed for duty at 25 per cent. ad valorem, in accordance with the provisions of paragraph 76 of the act of 1890, as a product known as an oil. The importers protested, claiming that it was either free, as an acid used for manufacturing purposes, under paragraph 473 of said act, or dutiable at 20 per cent. ad valorem, as a "preparation of coal tar," under paragraph 19 of said act. In view of the decisions in Matheson & Co. v. U. S., 18 C. C. A. 143, 71 Fed. 394, affirmed in 78 Fed. 810, and U. S. v. Warren Chemical & Mfg. Co., 28 C. C. A. 500, 84 Fed. 638, it is admitted that the assessment of duty at 25 per cent. was wrong. The sole question herein is whether this product is free under paragraph 473. It is conceded that it is commercially known as crude carbolic acid, and that it

is used for manufacturing purposes, and that for a period of about 15 years products popularly known as carbolic acids have been classified for duty by the treasury officials as such. On the other hand, it is admitted that it is not, in strict chemical parlance, an acid, and that there is, in fact, no such acid as a carbolic acid. The contention of counsel for the government is that the article in question is a crude carbolic oil of the dead oil class, containing only about 35 per cent. of what are commonly known as carbolic and cresylic acids. In support of this contention it is shown that this product is the first running over in the process of distillation of coal tar, and that it contains many combinations of basic oils and bitumens in addition to the carbolic acid, and that certain German writers call this product carbolic oil. It was decided in Lutz v. Magone, 153 U. S. 105, 14 Sup. Ct. 777, that in the construction of tariff acts questions of whether an article was or was not an acid were not scientific questions, and that, therefore, scientific tests were not conclusive. It appears that the term "crude carbolic acid" covers a wide range of products of varying degrees of purity; and the evidence introduced on behalf of the government, derived chiefly from German chemical works, is insufficient to overcome the proof that this product, which is commercially known as crude carbolic acid, is also popularly and scientifically known in this country as crude carbolic acid. The conclusions herein are strengthened by an examination of the opinion of Judge Dallas in Re Schultz, 94 Fed. 820, in the Eastern district of Pennsylvania, where he holds that an article similar in character, although differing somewhat in the comparative quantities of foreign substances, is substantially an acid. The decision of the board of general appraisers is therefore reversed.