### STERN et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. November 15, 1899.)

#### No. 32.

CUSTOMS DUTIES—CLASSIFICATION—PILE FABRICS.

Construing paragraphs 315 and 342 of the tariff act of 1897 together, "plushes, velvets, velveteens, corduroys and all pile fabrics, cut or uncut," "composed of cotton or other vegetable fibre," are dutiable under paragraph 315, except "pile fabrics of which flax is the component material of chief value," which are dutiable under paragraph 342, and, under such construction, colored flax and cotton plush, flax chief value, is dutiable under paragraph 342.

In Error to the Circuit Court of the United States for the Southern District of New York.

This is an appeal from a decision of the circuit court (91 Fed. 521), reversing a decision of the board of general appraisers, which decision sustained the protest of the importers, and reversed the decision of the collector of the port of New York.

Wm. Wickham Smith, for appellants.

Chas. D. Baker, for the United States.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The importation was correctly returned by the appraiser as "colored flax and cotton plush, flax chief value." Concededly, it is within the terms of two paragraphs of the tariff act of July 24, 1897, and the only question in the case is which of the two is the more specific. The relevant paragraphs are:

"315. Plushes, velvets, velveteens, corduroys, and all pile fabrics, cut or uncut; any of the foregoing composed of cotton or other vegetable fibre, not

bleached, dyed, colored, stained, painted, or printed, nine cents per square yard and twenty-five per centum ad valorem; if bleached, dyed, colored, stained, painted or printed, twelve cents per square yard and twenty-five per cent. ad valorem: * * * provided, further, that none of the articles or fabrics provided for in this paragraph shall pay a less rate of duty than forty-seven and one-half per centum ad valorem."

"342. All pile fabrics of which flax is the component material of chief value, sixty per centum ad valorem."

The question presented by these two sections is a perplexing one. If paragraph 315 provided for plushes only, or for some only of the varieties of pile fabrics, there would be no difficulty in disposing of the question, under the well-known principle that a reference in a tariff act to some article eo nomine is more specific than a descriptive reference which will cover that article and others. If the words, "all pile fabrics, cut or uncut," did not appear in paragraph 315, the paraphrase of the two paragraphs suggested by appellants might be correct, viz.: "Pile fabrics of which flax is the component material of chief value, except plushes, velvets, velveteens, and corduroys." But paragraph 315 is a much broader one. It includes not only the varieties of pile fabrics which it specifically names, but also all the other varieties of the same genus, when made of any and every kind of vegetable fiber; and when, in a subsequent paragraph, we find all the varieties of the same genus taxed at a different rate, when made of one specified kind of vegetable fiber, it would seem as if in that particular it was the intention of congress to make the component material the determinative factor as to the rate of duty to be paid. In Bister v. U. S., 20 U. S. App. 222, 8 C. C. A. 175, 59 Fed. 452, which is relied upon by appellant, the phraseology of the two paragraphs under consideration was unlike those now before us. Had the one paragraph in that case read "cashmeres, delaines, and all women's and children's dress goods," etc., and the other read, "all women's and children's dress goods," etc., "of which silk is the component of chief value," a very different question would have been presented. Although the language used in paragraphs 315 and 342 is not in all respects the same as that which was construed in Solomon v. Arthur, 102 U. S. 208, 26 L. Ed. 147, we are inclined to the opinion that they should be similarly construed, so that, together, they will read:

"Plushes, velvets, velveteens, corduroys and all pile fabrics, cut or uncut, composed of cotton or other vegetable fibre [such and such a duty], but if any pile fabric contains flax as its component of chief value, then it shall pay 60 per cent."

The decision of the circuit court is affirmed.