CORTELYOU et al. v. CARTER'S INK CO. (Circuit Court, S. D. New York. August 23, 1902.) Sam'l O. Edmonds, for the motion. Henry W. Taft, opposed.

LACOMBE, Circuit Judge. Complainant may take a restraining order in the general form of the injunction in the Lowe Case, i. e. closely restricted to sales advertisements calculated to induce persons who bought Neostyle machines under contract as to the kind of ink to be used to violate their contract. The papers seem to indicate that the statements of defendant's selling agent were not suggested by defendant or its officers; but it is, of course, responsible for the statements, as well as the sale, to the extent, at least, that complainant may protect itself by injunction against the acts of some further over-zealous agent. Order to be settled on notice.

FOWLER et al. v. JARVIS-CONKLIN MORTGAGE TRUST CO. (Circuit Court, S. D. New York. August 23, 1902.) Petition of Ezra Lippincott. Steele, De Friese & Frothingham, for petitioner.

LACOMBE, Circuit Judge. It is not perceived that the additional affidavits materially change the situation from what it was in April, 1900, when a like application was denied. It is sought to obtain an order turning over the entire balance of the fund, which was kept to meet belated claims of similar character, to the petitioner. There is no assurance but what. the next month after that is done, some one else will appear to claim a part of it, with better excuses for delay. The motion is denied, on the ground of laches, with leave to renew at the expiration of 10 years from the final decree. If no other claims shall have been presented before that time entitled to share the proceeds with Mr. Lippincott, it may be quite appropriate to turn over the balance then remaining, after expenses of storage and commissions, to him.

LOAIZA et al. v. UNITED STATES. (Circuit Court, S. D. New York. August 23, 1902.) Frank C. Avery, for importers. Henry L. Burnett, for the United States.

LACOMBE, Circuit Judge. The decision of the board of general appraisers is affirmed. The record discloses no evidence to support the allegations of the petition on which appellants rely.

MOVIUS et al. v. UNITED STATES. (Circuit Court, S. D. New York. November 6, 1902.) No. 67. Appeal by the Importers from a Decision of the Board of General Appraisers Which Affirmed the Classification by the Collector of the Importation in Question. Hartley & Coleman, for importers. Charles D. Baker, Asst. U. S. Atty.

TOWNSEND, District Judge. The merchandise in question was assessed for duty as a coal tar color or dye, under paragraph 82, Tariff Act 1883, and was claimed to be free as an acid used for medicinal purposes, under paragraph 394 of said act. This question has already been decided by the circuit court of appeals in Matheson & Co. v. U. S., 18 C. C. A. 143, 71 Fed. 394; and, following the ruling there laid down, the decision of the board of appraisers is reversed.