UNITED STATES v. SCHWARZ.*

(Circuit Court, E. D. Pennsylvania. August 7, 1905.)

No. 53.

1. CUSTOMS DUTIES—CLASSIFICATION—CELLULOID TOYS.
    Toys made of celluloid, a compound of pyroxylin, are less specifically
    designated in the provision in paragraph 17, Schedule A, § 1, c. 11,
    Tariff Act July 24, 1897, 30 Stat. 152 [U. S. Comp. St. 1901, p. 1628],
    for "all compounds of pyroxylin, * * * and articles of which * * *

*Affirmed in Circuit Court of Appeals, see 140 Fed. 989.

any compound of pyroxylin is the component material of chief value," than in that in paragraph 418, Schedule N, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1674], for "toys * * * not specially provided for."

2. SAME—QUALIFYING WORDS—SPECIFIC DESIGNATION.

The expression "not otherwise provided for," or "not specially provided for," in a tariff provision, does not deprive the general rule as to classification by specific designation of its ordinary application, so that a provision which specifically designates goods, but which is so qualified, shall not prevail over words of a general description in another provision containing no such qualification.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,706, T. D. 25,379, which reversed the assessment of duty by the collector of customs at the port of Philadelphia.

Frank P. Prichard (Thomas S. Gates, of counsel), for the importers.

J. Whitaker Thompson, U. S. Atty., and Jasper Yates Brinton, Asst. U. S. Atty.

HOLLAND, District Judge. The record shows that G. A. Schwarz imported and entered at the port of Philadelphia, on November 20, 1903, certain articles of celluloid upon which the collector of customs assessed duty at the rate of 65 cents per pound and 25 per centum ad valorem, under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 17, 30 Stat. 152 [U. S. Comp. St. 1901, p. 1628], as "finished articles" of celluloid. This paragraph is as follows:

"Collodion and all compounds of pyroxylin, whether known as celluloid or by any other name, fifty cents per pound; rolled or in sheets, unpolished, and not made up into articles, sixty cents per pound; if in finished or partly finished articles, and articles of which collodion or any compound of pyroxylin is the component material of chief value, sixty-five cents per pound and twenty-five per centum ad valorem."

The importer filed a protest against this classification, claiming that the articles in question were properly dutiable at the rate of 35 per centum ad valorem, as toys, under paragraph 418, Schedule N, of said act (30 Stat. 191 [U. S. Comp. St. 1901, p. 1674]), which is as follows:

"Dolls, doll heads, toy marbles of whatever materials composed, and all other toys not composed of rubber, china, porcelain, parian, bisque, earthen or stone ware, and not specially provided for in this Act, thirty-five per centum ad valorem."

The protest of the importer was sustained by the Board of United States General Appraisers in the following opinion, handed down June 13, 1904:

"The merchandise in question consists of diminutive boats about 5 inches in length, with a seat affixed, on which there is the figure of a sailor, with oars extended. These articles are composed entirely of celluloid, and, as shown by the exhibit, are unquestionably toys. The issue presented in this case is: Which is the more specific, the provision of paragraph 17, Act July 24, 1897, for finished articles of which celluloid or any compound of pyroxylin is the component material of chief value, or that for toys not specially provided for in paragraph 418? It is a well-settled rule of construction in tariff cases that a provision for a class of goods having a trade designation,

such as toys, is more specific than is the term "manufactures" of any specified material. Nor does the fact that paragraph 418 contains the words "not specially provided for," whereas these qualifying words do not appear in paragraph 17, operate to change this rule. We accordingly hold that the claim in the protest that the merchandise is dutiable at 35 per cent. ad valorem under paragraph 418 is well founded, and the same is sustained. The collector's decision in assessing duty on the toys in question at 65 cents per pound and 25 per centum ad valorem, under paragraph 17, is reversed."

Of the two provisions, the one prescribing a duty upon "toys" is certainly a narrower term of enumeration than a duty imposed upon "collodion and all compounds of pyroxylin * * * and articles of which collodion or any compound of pyroxylin is the component material of chief value"; and an application of the rule "that where goods of a particular kind, which would otherwise be comprehended in a class described by a term having a settled commercial significance, have been described in the custom laws by a more specific designation and subjected to a distinct rate of duty from that imposed upon the class generally, they are taken out of that class for the purpose of the assessment of duties," would require that the conclusion reached by the Board of General Appraisers be affirmed.

It is suggested, however, by the government, that the concluding words of paragraph 418, "and not specially provided for in this act," limit the scope of this paragraph, so as to exclude therefrom an article which falls within any other paragraphs in the tariff act even more general in terms than the paragraph in question. The paragraph itself would seem to answer this contention. It provides for the duty "upon dolls, doll-heads, toy marbles of whatever material composed, and all other toys not composed" of certain specified materials. It thus includes all toys not composed of the materials specifically designated, and not specially provided for in the act. There is no special provision for toys made of collodion in any portion of the act other than in paragraph 418, and certainly such articles fall under the terms "all other toys." The expression "not otherwise provided for," or "not specially provided for," does not deprive the general rule as to classification by specific designation of its ordinary application. Arthur v. Lahey, 96 U. S. 112, 24 L. Ed. 766.

The following cases support the familiar rule of construction in tariff laws, applicable to this case, that a provision specifically designating goods, such as "toys" in paragraph 418, must prevail over words of a general description as found in paragraph 17 of the same act: Arthur's Ex'rs v. Butterfield, 125 U. S. 70, 8 Sup. Ct. 714, 31 L. Ed. 643; Hartranft v. Meyer, 135 U. S. 237, 10 Sup. Ct. 751, 34 L. Ed. 110; Chew Hing Lung v. Wise, 176 U. S. 156, 20 Sup. Ct. 320, 44 L. Ed. 412; Bister v. U. S., 59 Fed. 452, 8 C. C. A. 175; Matheson v. U. S., 71 Fed. 394, 18 C. C. A. 143; U. S. v. Schwartz (C. C.) 76 Fed. 452; and Thomas v. Wanamaker, 129 Fed. 92, 63 C. C. A. 594.

The decision of the Board of General Appraisers is hereby affirmed.