## UNITED STATES *v.* BRITT, LOEFFLER & WEIL (No. 1660).[1]

1. CONSTRUCTION—KNOWLEDGE OF ADMINISTRATIVE AND JUDICIAL INTERPRETATIONS IMPUTED TO CONGRESS.

Congress, in using the expression "solid or condensed" as applied to malt extract, paragraph 246, tariff act of 1913, must be presumed to have known that it had been administratively and judicially interpreted under successive prior tariff acts to mean solid only.

2. CONSTRUCTION—CERTAINTY AND DEFINITENESS FAVORED.

To hold that the expressions "fluid" and "solid or condensed," in paragraph 246, tariff act of 1913, describe malt extract in three states of density would make it impossible to determine what degree of concentration would transform it from the fluid to the condensed state.

3. CONSTRUCTION—DOUBT FAVORS IMPORTER.

If there is any doubt as to whether or not "solid or condensed," paragraph 246, tariff act of 1913, means solid only, the doubt should be resolved in favor of the importer by holding that it does.

4. CONCENTRATED FLUID MALT EXTRACT, HOW DUTIABLE.

Malt extract of the consistency of thick molasses is dutiable as fluid. and not condensed, malt extract under paragraph 246, tariff act of 1913.

### United States Court of Customs Appeals, May 1, 1916.

APPEAL from Board of United States General Appraisers, G. A. 7814 (T. D. 35895).

*Bert Hanson,* Assistant Attorney General (*Samuel Isenschmid,* special attorney, of counsel), for the United States.

*Allan R. Brown* for appellees.

[Oral argument Apr. 12, 1916, by Mr. Hanson and Mr Brown.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise in this case is malt extract imported in bottles. It is invoiced as "Loeflund's Malt Extract," and the bottle containing the same is so labeled. It is composed, as shown by the chemist's report, of 85.70 per cent solids and 14.30 per cent water. The question is whether it is dutiable at 45 cents per gallon as fluid malt extract, as claimed by the importers and held by the Board of General Appraisers, or at 45 per cent ad valorem as condensed malt extract, as assessed by the collector and claimed by the Government under paragraph 246 of the act of 1913, which reads as follows:

246. Malt extract, fluid, in casks, 23 cents per gallon; in bottles or jugs, 45 cents per gallon; solid or condensed, 45 per centum ad valorem.

---

[1] Reported in T. D. 36389 (30 Treas. Dec., 763).

More succinctly stated, the question is whether the merchandise is malt extract fluid or malt extract condensed within the meaning of the paragraph.

The official exhibit, which has been submitted to the court, shows the sample to be a thick, reddish-brown substance, apparently of about the consistency of molasses.

Excepting as to the rates of duty provided therein, the acts of 1890, 1897, and 1909 have contained paragraphs identical with the one above quoted, and the act of 1894 was likewise identical, except that after the words "malt extract" the words "including all preparations bearing the name and commercially known as such" were inserted.

As somewhat typical, and as in substance conveying the same meaning, we quote the applicable definitions of the word "fluid" used as an adjective and as a noun from the Standard and Century dictionaries:

Standard Dictionary:

Fluid, a., 1. Composed of particles that move over one another without apparent resistance; capable of flowing; liquid or gaseous; as, the fluid parts of a substance; a fluid body. 2. (Rare) flowing.

Fluid, n., 1. A substance that, like water or air, yields to any force, however small, that tends to change its form; a liquid (inelastic fluid) or gas (elastic fluid); in common language, always, a fluid.

Century Dictionary:

Fluid, a., 1. Capable of flowing; liquid or gaseous; consisting of a substance incapable of resisting forces (tangential stresses) tending to change its shape. 2. Not fixed or rigid; flowing.

Fluid, n., 1. A substance which flows or is capable of flowing; a substance which is incapable of resisting forces (tangential stresses) tending to change its shape without altering its size.

"Condensed" is of course the participial form of the verb "condense" (used as an adjective), which by the same authorities is defined in substance as, to bring into a smaller, denser state; reduce the bulk of; compress; consolidate; as, to condense milk by evaporation.

Manifestly this substance, which will flow with rapidity very like that of thick molasses, may be held to be a fluid. It may, and does, flow very slowly, yields to very slight force, and if no force is applied will in a short time accommodate itself wholly to the form and shape of any container in which it may be placed. To say that it is not a fluid at once involves the difficulty of determining what degree of fluidity—that is, the capacity of the particles of the substance to move freely upon one another—is requisite to establish the dividing line between fluids and nonfluids, and admits also the proposition that not all substances that flow are fluids. We do not care to assume a position fraught with so great difficulties.

The Government's contention, however, is that this paragraph provides for three things—namely, (1) a fluid malt extract, (2) a solid malt extract, and (3) a condensed malt extract, under which last division it claims the merchandise here must be classified, and in this connection suggests that "condensed" is used in the sense of concentrated.

Upon this question it may be of assistance to examine the few authorities which have been called to our attention. Under the act of 1890, in G. A. 2076 (T. D. 13971), the board had before it an extract of malt resembling honey in consistency. It held that it was not solid, and that while it was concentrated malt extract it was not in its opinion condensed in view of the fact that in the paragraph condensed malt extract was contrasted with fluid malt extract.

In United States *v.* Eisner (59 Fed., 352, Circuit Court of Appeals for the Second Circuit) an article made by secret formula of many ingredients, only 12 per cent of which was actually malt extract, but which was commercially known as a malt extract, had been assessed as fluid malt extract under the act of 1890 and was claimed by the importer to be dutiable as a medicinal proprietary preparation. We quote from the opinion:

In view of the fact that there were known to trade so many different varieties of malt extract, bought and sold as such, some with the maker's or proprietor's name and some without, some dry, some condensed, some semifluid or semisolid (thicker than ordinary molasses, as one of the witnesses describes it), and some fluid, and of the further facts that different rates of duty had been from time to time assessed upon it under Treasury rulings, and that both proprietary and nonproprietary malt extracts are manufactured in this country, it seems reasonable to infer that when Congress imposed a duty upon malt extract, if fluid and in casks, at 20 cents a gallon; if fluid and in bottles or jugs, at 40 cents a gallon; and, if solid or condensed, at 40 per cent ad valorem—it intended to cover all the known kinds of malt extract in all the known conditions in which it is imported. Certainly the language used in the tariff act, construed according to the ordinary rules of interpretation, supports such conclusion.

The decision below reversing the board was itself reversed and the classification of the merchandise as a fluid malt extract affirmed.

The board, in G. A. 7325 (T. D. 32269), had before it a substance which had been assessed as malt extract, solid or condensed, under the act of 1909, and was among other things claimed to be dutiable as fluid malt extract. It contained from 19 to 20 per cent of water and was held to be dutiable as claimed by the importers. In the opinion the board said, "the words 'solid or condensed' are in our judgment interchangeable terms and are intended to mean the same thing." There does not appear to have been any appeal from this decision and it appears to have stood as the interpretation of the act of 1909. It was rendered before the present law was enacted.

The language of the paragraph is hardly apt to convey the meaning ascribed thereto by the Government, and the importer is entitled to the benefit of the doubt as to its meaning, if doubt there be.

The record here clearly shows that commodities sold under the name of malt extract vary greatly in the degree of fluidity possessed by them and that all probably are in fact more or less concentrated. In view, however, of the interpretation heretofore given to the same language in earlier paragraphs we do not feel warranted upon this record to disagree with the board in its conclusion. It well says, " if the term 'solid or condensed' is to include all condensations of fluid extract, as well as the solid, there will be no field for the operation of the first part of the paragraph."

Congress is presumed to have known the interpretation accorded to the prior statutes in identical language, and if at the time of the enactment of the tariff law of 1913 it desired a different construction to be placed thereon it was easy to have secured the same by appropriate change in the language.

The judgment of the Board of General Appraisers is *affirmed.*